UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YIRMEYAH ARTURO DELANO BECKLES,

Plaintiff,

v.

SELLECK CHEMICALS LLC, et al.,

Defendants.

Case No. 26-cv-05405-JD

**ORDER RE REMAND**

Plaintiff Yirmeyah Arturo Delano Beckles asks to remand this case alleging California state law wage and hour claims to Alameda County Superior Court, where it was originally filed. Dkt. No. 23. In an amended complaint, Beckles named a new defendant, his supervisor, Darian Banihashemi. Dkt. No. 21. The removing defendant, Selleck Chemicals LLC (Selleck), his former employer, says that traditional diversity jurisdiction under 28 U.S.C. § 1332(a) is present even though Banihashemi is a citizen of California. Dkt. No. 26. The parties' familiarity with the record is assumed, and the case is remanded under 28 U.S.C. § 1447(c).

Beckles' amended complaint was filed as a matter of course under Fed. R. Civ. P. 15(a)(1)(B) within 21 days of Selleck's Rule 12(b) motion, Dkt. No. 10, but Court may still decide whether to "deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The request is granted.

Selleck's suggestion that the joinder of Banihashemi should be disregarded as fraudulent, Dkt. No. 29 at 7-10, is not well taken. Fraudulent joinder "imposes a particularly heavy burden on the defendant to prove." *Knutson v. Stericyle, Inc.*, No. 24-CV-05219-JD, 2025 WL 520874, at *2 (N.D. Cal. Feb. 18, 2025). "There is a general presumption against finding fraudulent joinder, which adds to the usual presumption against removal in all cases under Section 1332(a)." *Trahan v. Wal-Mart Assocs., Inc.*, No. 25-CV-05743-JD, 2025 WL 2985230, at *2 (N.D. Cal. Oct. 23, 2025) (quotations omitted). To carry the day, Selleck must demonstrate that "an individual joined in the action cannot be liable on any theory." *Grancare, LLC v. Thrower by & through Mills*, 889

United States District Court
Northern District of California

F.3d 543, 548 (9th Cir. 2018) (brackets omitted). If there is even "a possibility that a state court would find that the complaint states a cause of action," *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009), and so long as the claim is not "wholly insubstantial and frivolous," joinder is proper. *Grancare*, 889 F.3d at 549 (internal quotations omitted).

Selleck's main contention along these lines was that, as a supervisor, Banihashemi cannot be individually liable for wage and hour violations because he is not an "owner, director, officer, or managing agent of the employer," as required for individual liability under Cal. Lab. Code Section 558.1(b). But Beckles' amended complaint specifically alleged that Banihashemi was "a managing agent of Defendants who caused the alleged provisions of the Labor Code and IWC Wage Order to be violated," Dkt. No. 21 ¶ 71, and that he "made, allowed, participated in the creation of, and/or authorized or ratified decisions, conditions, policies, or practices that caused the Labor Code and Wage Order violations." Dkt. No. 21 ¶ 17.

Selleck filed a declaration by Banihashemi suggesting he "did not have authority to establish, create, adopt, approve, or change [Selleck's] companywide policies or practices." Dkt. No. 29-1 (Banihashemi Decl.) ¶ 7. But "these statements simply create disputes of fact that do not, in themselves, rule out any possibility of a viable claim." *Dole v. Verisk Analytics, Inc.*, No. 22-CV-06625-JD, 2023 WL 2985116, at *3 (N.D. Cal. Apr. 17, 2023).

Consequently, Selleck "did not carry its heavy burden" of establishing fraudulent joinder. *Trahan*, 2025 WL 2985230, at *2. The case is still in the early stages of litigation. "In this circumstance, the Court finds it appropriate to exercise its discretion to permit the requested joinder." *Madriaga v. United Airlines, Inc.*, No. 23-CV-06184-JD, 2024 WL 3304795, at *1 (N.D. Cal. July 3, 2024).

The case is remanded to Alameda County Superior Court. Each side will bear its own costs and fees in connection with the removal and remand proceedings.

**IT IS SO ORDERED.**

Dated: August 11, 2026

JAMES DONATO
United States District Judge